**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4674**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BUDDY MARTIN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:17-cr-00164-RJC-DSC-5)

Submitted: April 25, 2019                                  Decided: April 29, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Buddy Martin pled guilty, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine and aiding and abetting, 21 U.S.C. § 841(a), 18 U.S.C. § 2 (2012), and was sentenced to 130 months' imprisonment. On appeal, Martin's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether counsel was ineffective for failing to provide proper advice regarding the potential sentence Martin faced. Although advised of his right to file a supplemental pro se brief, Martin has not done so. We affirm.

Claims of ineffective assistance generally are not cognizable on direct appeal. *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018). To allow for adequate development of the record, a defendant must bring his ineffective assistance claims, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). An exception exists, however, "only if the lawyer's ineffectiveness conclusively appears from the record." *Id.* Our review of the record does not conclusively show ineffective assistance. Accordingly, we decline to address Martin's claim.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Martin's conviction and sentence. This court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for further review. If Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*